**UNITED STATES DISTRICT COURT for the DISTRICT OF MAINE**

| | |
|---|---|
| **JOURDEN GRIFFIN, on behalf of herself and her five (5) minor children**<br>**Plaintiff**<br><br>**v.**<br><br>**PRESQUE ISLE HOUSING AUTHORITY and THE CITY OF PRESQUE ISLE**<br>**Defendants** | **CIVIL ACTION NO**<br><br>_____ |

**CIVIL COMPLAINT AND JURY DEMAND**

I. INTRODUCTION

Plaintiff Jourden Griffin brings this action to expose a coordinated conspiracy by the Presque Isle Housing Authority (PIHA) and the City of Presque Isle to defraud federal housing programs, retaliate against a whistleblower, and endanger the health and safety of a family through deliberate neglect of lead hazards and housing violations. Despite confirmed lead contamination and structural dangers, Defendants continued to activate federal subsidies using forged documents and unqualified contractors, while refusing to relocate or protect Plaintiff and her children.

II. JURISDICTION AND VENUE

A. Jurisdiction
Pursuant to 28 U.S.C. §§ 1331, 1343 and 28 U.S.C. § 1367 jurisdiction is appropriate on the grounds of Legal Question.
B. Venue
Venue is proper as it is established on the grounds of Legal Question not citizenship in which all parties reside in and where all events have taken place in this court's district as set forth in 28 U.S.C. § 1391(b)

III. PARTIES

A. Plaintiff

- Jourden Griffin – Section 8 recipient

  29 Micmac Drive Presque Isle, ME 04769

  (207) 473-1802 | jourden.griffin91@gmail.com

B. Defendants

- PIHA - Administers Section 8 housing, manages Everett Heights

  58 Birch Street Presque Isle, ME 04769

  (207) 768-8231 | info@pihousing.org

- City of Presque Isle - Appoints PIHA board, responsible for oversight

12 Second Street Presque Isle, ME 04769

(207) 760-2700

## IV. FACTUAL ALLEGATIONS

A. Plaintiff and her five children reside at 29 Micmac Drive, a unit plagued by:
   1. Confirmed lead dust contamination, documented by Maine CDC
   2. No abatement or relocation efforts since risk assessment April 16, 2025
   3. Scheduled repairs by an uncertified contractor, including work on a rotted front door and collapsing bathroom floor
   4. Forged repair certifications, void lease and falsified inspection documents used to activate federal subsidies
   5. Retaliation and privacy breaches following Plaintiff's complaints Oversight failure by the City despite direct appointment authority and notice V. CLAIMS FOR RELIEF

A. Count I – Retaliation and Civil Rights Violations

   1. Legal Basis: 42 U.S.C. § 3617; 42 U.S.C. § 1983; 14 M.R.S. § 6001
   2. Defendants retaliated against Plaintiff for asserting her housing rights. After reporting unsafe conditions
      a. PIHA Damage Plaintiff's Reputation
      b. Issued Baseless Lease Violations
      c. disclosed Plaintiff's private information to other tenants

   These actions mirror unlawful retaliation patterns recognized in *FindLaw* and Maine landlord-tenant law.

B. Count II – Fraud, Forgery, and Unjust Enrichment

   1. Legal Basis: Common Law Fraud; 18 U.S.C. § 371; 18 U.S.C. § 1001
   2. PIHA activated federal subsidies using expired HUD forms, falsified inspection records and forged repair certifications.
   3. This constitutes fraud against the United States, similar to violations documented by HUD OIG and in cases involving forged HQS certifications.

C. Count III – Breach of Warranty of Habitability and Quiet Enjoyment

   1. Legal Basis: 14 M.R.S. § 6021; Maine Common Law
   2. Plaintiff's unit contains
      a. Mold
      b. Leaks
      c. Inoperable Windows
      d. Structural Decay.
   3. These conditions violate Maine's implied warranty of habitability, which requires landlords to maintain safe and sanitary housing.

D. Count IV – HQS Violations

   1. Legal Basis: 24 CFR §§ 982.305, 982.405
   2. PIHA activated and maintained subsidies without a valid HQS pass.

3. The unit failed multiple HQS criteria, including
   a. Unsafe Flooring
   b. Inoperable Windows
   c. Multiple Door Hazards
   d. Leaks
4. These violations are consistent with HQS fail items listed by HUD and housing authorities.

E. Count V – Invasion of Privacy and Breach of Confidentiality

1. Legal Basis: Maine Common Law; HUD Privacy Guidelines
2. PIHA disclosed Plaintiff's personal information to other tenants, violating HUD's privacy standards and Maine tort law.
3. This breach caused a lease violation, reputational harm and emotional distress.

F. Count VI – Oversight Failure and Procedural Due Process Violations

1. Legal Basis: 42 U.S.C. § 1983; Monell Doctrine; 5 U.S.C. § 2302(b)(8)
2. The City of Presque Isle failed to investigate or intervene despite direct appointment authority and notice of violations.
3. HUD's dual-delegation model has been criticized for systemic oversight failures in similar contexts.

G. Count VII – Conspiracy to Defraud and Retaliate

1. Legal Basis: 18 U.S.C. § 1349; 42 U.S.C. § 1983
2. Defendants conspired to defraud HUD by activating subsidies using forged documents and retaliating against Plaintiff for whistleblowing.
3. This mirrors patterns in Section 8 fraud cases involving coordinated misconduct between housing authorities and contractors.

H. Count VIII – Lead Hazard Negligence and Regulatory Violations

1. Legal Basis: 14 M.R.S. § 6030-B; 24 CFR § 35.1345; EPA RRP Rule
2. Maine CDC confirmed lead dust contamination on April 16, 2025.
3. PIHA failed to initiate abatement or relocation and instead scheduled repairs by an uncertified contractor.
4. This violates HUD and EPA lead-safe work requirements.

VI. DOCUMENT PRESERVATION AND AVAILABILITY STATEMENT

Plaintiff retains in their possession all documents referenced or relied upon in this Complaint, including but not limited to:

- Housing Assistance Payment (HAP) contracts and related HUD documentation
- Lease agreements and tenancy records
- Lead hazard inspection reports and environmental assessments
- Written communications with Defendants, including emails, notices, and determinations
- Photographic and video evidence of habitability violations

These materials are available for submission at the Court's direction or upon request, and Plaintiff reserves the right to supplement the record with additional exhibits as discovery progresses or circumstances warrant. This reservation includes any newly obtained evidence relevant to the claims, defenses, or procedural conduct of Defendants.

## VII. PRAYER FOR RELIEF

Plaintiff seeks:

1. Declaratory judgment on all counts
2. Compensatory and punitive damages
3. Injunctive relief: HUD audit, relocation and federal monitor
4. Attorney's fees under 42 U.S.C. § 1988
5. Any other relief deemed just and proper

## VIII. JURY DEMAND

Plaintiff demands a jury trial for all qualifying counts and allegations.

## IX. SIGNATURE

Dated this 15th day of August, 2025.

Respectfully submitted,

/s/Jourden Griffin,  pro se
29 Micmac Drive, Presque Isle, ME 04769
(207) 473-1802 | Jourden.griffin91@gmail.com