UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

JOURDEN GRIFFIN,                          )
                                          )
               Plaintiff,                 )
                                          )
v.                                        )        1:25-cv-00420-SDN
                                          )
CITY OF PRESQUE ISLE, and                 )
PRESQUE ISLE HOUSING AUTHORITY,           )
                                          )
               Defendants.                )

## <u>ORDER</u>

Plaintiff Jourden Griffin, on behalf of herself and her five minor children, sued the City of Presque Isle and the Presque Isle Housing Authority, bringing various civil rights claims arising out of Plaintiff's allegations that Defendants are deliberately neglecting lead hazards and other housing safety violations in her housing unit, which is funded pursuant to a federally funded housing program. ECF No. 1. Plaintiff now moves for a temporary restraining order (TRO) preventing Defendants from entering her residence "for the purpose of lock replacement or any other maintenance activity until proper licensure, certification, and scope of work are verified and disclosed." ECF No. 14 at 1. She also moves for expedited service of process. ECF No. 15. The motions are denied.

Federal Rule of Civil Procedure 65(b)(1) permits a court to issue a TRO without notice to the adverse party only if two requirements are met. First, "specific facts in an affidavit or a verified complaint [must] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Second, the "movant's attorney [must certify] in

1

writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).

Those rules have a purpose. They "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). Thus Rule 65(b)(1) "establish[es] minimum due process" standards, and parties must "strictly comply." *Pelletier v. Dep't of Corr.*, No. 22-CV-00260, 2022 WL 3700671, at *1 (D. Me. Aug. 26, 2022) (quoting *Strahan v. O'Reilly*, No. 22-CV-52, 2022 WL 788623, at *1 (D.N.H. Feb. 16, 2022)).

Plaintiff has failed to comply with Rule 65(b)(1)'s requirements. She has not submitted any affidavits, her complaint is not verified because it does not "expressly attest to the truth of the allegations therein," *Demmons v. Tritch*, 484 F. Supp. 2d 177, 182 (D. Me. 2007), and she has not certified any efforts to notify the Defendants.[1] Accordingly, Ms. Griffin is not entitled to an *ex parte* TRO. Because she is not entitled to an *ex parte* TRO, I DENY her motion for expedited service of process.

## CONCLUSION

For the foregoing reasons, the motion for a temporary restraining order, ECF No. 14, and the motion for expedited service of process, ECF No. 15, are **DENIED**.

---

[1] While Rule 65(b)(1)(B) references a movant's attorney making such a certification, the rule also applies to unrepresented litigants like Ms. Griffin. *See Pelletier v. Dep't of Corr.*, No. 22-CV-00260, 2022 WL 3700671, at *1 (D. Me. Aug. 26, 2022).

**SO ORDERED.**

Dated this 12th day of September, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**
